UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: JOHN M. DORIA

_____/ Bankr. Case No. 09-75261
Chapter 7
PROBUILD COMPANY, LLC, HON. PHILLIP W. SHEFERLY

    Plaintiff-Appellee, Case No. 10-11914

v. HON. SEAN F. COX
United States District Judge
JOHN M. DORIA,

    Debtor-Appellant.

_____/

## OPINION & ORDER DENYING DEBTOR-APPELLANT'S MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL [Doc. No. 1]

Debtor-Appellant John M. Doria ("Doria") filed this Motion for Leave to File Interlocutory Appeal [Doc. No. 1] on May 12, 2010. In that motion, Mr. Doria seeks leave to file an interlocutory appeal challenging the Bankruptcy Court's, April 2, 2010 oral ruling from the bench, holding that Plaintiff-Appellee ProBuild Company, LLC ("ProBuild") filed its adversary complaint against Mr. Doria in a timely manner. ProBuild opposes the motion [*see* Doc. No. 3]. Pursuant to FED. R. BANKR. P. 8012, the Court declines to hear oral argument on the motion. For the reasons that follow, the Court **DENIES** Mr. Doria's Motion for Leave to File Interlocutory Appeal [Doc. No. 1].

## BACKGROUND

Mr. Doria filed for Chapter 7 bankruptcy protection on November 16, 2009, and on November 17, 2009 the Court issued its usual Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines as required by FED. R. BANKR. P. 2002(f)(5). In that notice, the

1

Bankruptcy Court - among other things, and pursuant to the deadlines in the Federal Rules of Bankruptcy Procedure - set a deadline for creditors to file complaints objecting to the dischargeability of any of Mr. Doria's debts. As FED. R. BANKR. P. 4007(c) states that the deadline for such complaints shall be 60 days from the first date set for the meeting of creditors under § 341(a), the Clerk of the Bankruptcy Court simply inserted the 60-day date into the notice - February 13, 2010.

February 13, 2010 was a Saturday. Furthermore, Monday, February 15, 2010 was a federal holiday. In such situations, the Bankruptcy Rules clearly state that, for purposes of counting time for rules such as the 60-day period in Rule 4007(c), if the deadline falls on a Saturday, Sunday, or legal holiday, the deadline is carried over to the next day that is not also a Saturday, Sunday, or legal holiday. *See* FED. R. BANKR. P. 9006(a)(1)(C). Therefore, pursuant to Rule 9006(a)(1)(C), the sixty-day period for creditors to file objections to the dischargeability of Mr. Doria's debts under Rule 4007(c) fell not on Saturday, February 13, 2010, but on Tuesday, February 16, 2010.

ProBuild filed an adversary proceeding against Mr. Doria on Monday, February 15, 2010 - two days after the Bankruptcy Clerk's February 13, 2010 deadline in the original notice, but one day before the deadline given in Rule 4007(c) - modified by Rule 9006(a)(1)(C). Mr. Doria objected to ProBuild's adversary proceeding filed against him, on the ground that it was filed in an untimely manner.

The Bankruptcy Court, after considering the briefs of the parties and after oral argument on April 2, 2010, held that the sixty-day deadline - as calculated through Rules 4007 and 9006 - governed the deadline for ProBuild's adversary complaint, not the February 13, 2010 hard

deadline set by the Bankruptcy Clerk. The Bankruptcy Court - in a thoughtful and well-reasoned opinion delivered from the bench - explained that the Bankruptcy Court's computer program simply calculated the sixty-day period without considering whether the deadline fell on a weekend or federal holiday. [Tr. of Apr. 2, 2010 Hearing, Def.'s Ex. A, Doc. No. 1, p.33]. The Bankruptcy Court also noted that the Federal Rules of Bankruptcy Procedure do not afford Bankruptcy Judges leeway in changing deadlines such as that provided in Rule 4007(c):

> To the extent that the notice by fixing the date of February 13, 2010, had the effect of shortening by three days the deadline fixed by 4007(c), I don't think it's within the Court's authority to do that. That February 13, 2010 date it's - - it's exactly 60 days. That was generated by the computer program that simply picks the 60th day. . . [Debtor's counsel] makes a very persuasive argument that, hey, that sets the date. No matter what the rules say, that sets the date. But I don't think the Court Clerk can do that. Can [not] set the date on a Saturday, when the rules under 4007(c) and 9006(a)(1)(C) provide for the 60th day to be extended when it falls on a Saturday, Sunday or. . . a Federal holiday.

*Id*. at pp.33-34. The Bankruptcy Court therefore held that ProBuild's adversary complaint was timely.

Mr. Doria filed his instant motion [Doc. No. 1] on May 15, 2010, arguing that this Court should grant Mr. Doria leave to pursue an interlocutory appeal of the Bankruptcy Court's holding that ProBuild's complaint was timely. ProBuild opposes Mr. Doria's motion [*see* Doc. No. 3].

## STANDARD OF REVIEW

"Interlocutory appeals should be the exception, rather than the rule." *In re A.S.C. Inc.*, 386 B.R. 187 (Bankr. E.D. Mich. 2008), citing *In re A.P. Liquidating Co.*, 350 B.R. 752, 756 (Bankr. E.D. Mich. 2006). "Interlocutory appeals are intended for situations in which the court [] can rule on a pure controlling question of law without having to delve beyond the surface of

3

the record in order to determine the facts." *Id*. at 196.

Interlocutory appeals from Bankruptcy Court rulings are governed by the Sixth Circuit's usual standard for interlocutory appeals in other matters: "(1) if the order involves a controlling question of law, (2) a *substantial ground for difference of opinion* exists regarding the correctness of the decision, and (3) an immediate appeal may *materially advance* the ultimate termination of the litigation." *In re A.P. Liquidating Co.*, 350 B.R. at 755, citing *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (emphasis added). Ultimately, the decision whether to allow an interlocutory appeal from the Bankruptcy Court is a matter within the sound discretion of the District Court. *See In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir. 1989); *In re Bertoli*, 812 F.2d 136, 140 (3d Cir. 1987).

## ANALYSIS

Mr. Doria argues that the three-pronged test for granting interlocutory appeal in this matter is met, and therefore that this Court should grant an interlocutory appeal of the Bankruptcy Court's April 2, 2010 Order. The Court disagrees.

The second of the *In re A.P. Liquidating* factors - requiring a "substantial ground for difference of opinion" on the Bankruptcy Court's holding - is not met on the facts of this case. "In order to demonstrate that there is substantial ground for difference of opinion, [Mr. Doria] must show that the issue is difficult and of first impression and involves more than just a strong disagreement among the parties." *In re A.S.C.*, 386 B.R. at 197. On this factor, ProBuild argues as follows:

> Debtor's attempted interlocutory appeal merely raises a disagreement. . . of which Rule applies; not a substantial ground for difference of opinion. Not only did the Court find that Rule 9006(a) applied to extend the deadline to the next business day after Saturday, February 13, 2010, the Court went so far as to identify that it

4

would be violating Rule 9006(c) if i[t] maintained February 13, 2010 as the actual deadline. *Debtor's appeal is an unsupported difference of opinion*, wh[ich] after reading the clear language of the Bankruptcy Rules, cannot stand.

[Pl.'s Br., Doc. No. 3, p.8 (emphasis added)]. The Court agrees, and holds Mr. Doria's arguments the contrary are without merit.

Further, the third and final of the *In re A.P. Liquidating* factors - requiring that the immediate appeal must "materially advance the ultimate termination of the litigation" - is also not met on the facts of this case. The test for granting an interlocutory appeal is not met when "delay taking the interlocutory appeal would cause considerable delay and increased expense." *In re PHM Corp.*, 99 B.R. 762, 767 (Bankr. E.D. Mich. 1989). Delay of the adversary proceeding is one such recognized reason for refusal to grant an interlocutory appeal. *See In re Southern Indus. Banking Corp.*, 70 B.R. 196, 207 (Bankr. E.D. Tenn. 1986).

On this factor, ProBuild argues that "[c]ontrary to Debtor's arguments, if this Court grants the interlocutory appeal, there is no chance that there will be a timely termination of the litigation; the contrary is the truth." [Pl.'s Br., Doc. No. 3, p.10]. The Court agrees, and holds Mr. Doria's arguments to the contrary are without merit.

CONCLUSION

For the reasons explained above, the Court **DENIES** Mr. Doria's Motion for Leave to File Interlocutory Appeal [Doc. No. 1].

**IT IS SO ORDERED.**

s/Sean F. Cox
SEAN F. COX
Dated: July 21, 2010                    UNITED STATES DISTRICT JUDGE